United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHERINE R. KINDLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security,<br><br>　　　　Defendant.<br>_____ | CIVIL ACTION NO. 09-01624 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER DENYING PLAINTIFF'S MOTION FOR REMAND; AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 21 and 23)** |

## I. INTRODUCTION

In this Social Security case, Plaintiff, Katherine R. Kindle ("Plaintiff") brings an action pursuant to 42 U.S.C. § 405(g) appealing a final decision by the Commissioner of Social Security which denied her claims for disability insurance under Title II of the Social Security Act (42 U.S.C. § 400 et seq.) for the time period beginning in August 2008. Presently before the Court are cross-motions for summary judgment brought by Plaintiff and Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Defendant").[1] For the reasons set forth below, the Court grants plaintiff's motion for summary judgment, denies Plaintiff's motion for remand as moot, and denies Defendant's motion for summary judgment.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

## II. LEGAL STANDARDS

### A. Standard for Reviewing the Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). When determining whether substantial evidence exists to support the ALJ's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin,* 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the ALJ. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). The trier of fact, and not the reviewing court, must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgement for that of the Commissioner. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

Finally, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnahrt*, 400 F.3d 676, 679 (9th Cir. 2005). Remand is the appropriate remedy where additional administrative proceedings could remedy defects. *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985). If, however, a rehearing would simply delay payment of benefits, reversal is appropriate. *Id.*

### B. Standard for Determining Disability

The Social Security Act provides benefits to qualified individuals who are disabled. 42 U.S.C. § 423(a)(1). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). An impairment for purposes of this definition "results from anatomical, psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). In addition, a person is disabled only if the impairment is so severe as to preclude not only performance of previous work, but also,

considering the age, education and work experience of the individual, performance of any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). The claimant carries the burden of proving disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).

The Commissioner follows a five-step sequential evaluation process in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." *Id.* If so, the claimant is not disabled, and the claim is denied. *Id.* If the claimant is not engaged in such activity, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments; if not, the claim is denied. *Id.* If the claimant has a severe impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment meets or equals an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability benefits are automatically awarded. *Id.* If the impairment is not one presumed to be disabling, the fourth step requires the Commissioner to determine whether the claimant has sufficient Residual Functional Capacity ("RFC") to perform his past relevant work; if so, the claim is denied. *Id.* The claimant has the burden of proving that he or she is unable to perform past relevant work. *Drouin*, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. *Id.* In step five, the burden shifts to the Commissioner to prove that the claimant, based upon his age, education, work experience, and RFC, can perform other substantial gainful work. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987).

To disregard the uncontradicted opinion of a treating physician, an ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). If a treating physician's opinion is contradicted by a non-treating doctor, the treating physician's opinion may be rejected only for "specific and legitimate reasons" supported by substantial evidence in the record. *Id.*

Similarly, when a claimant has "produced medical evidence of underlying impairments consistent with his complaints and there is no affirmative evidence that he is malingering, the ALJ's

reasons for rejecting [the claimant's] testimony must be clear and convincing." *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). Additionally, the ALJ must articulate specific reasons for rejecting the claimant's subjective testimony regarding his pain and limitations. *See*, *e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1147-48 (9th Cir. 2001). An ALJ may not reject a claimant's statements regarding his limitations merely because they are not supported by objective evidence. *Id.* at 1147; *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 580 (9th Cir. 2005).

## III. DISCUSSION

### A. The ALJ's Findings

At step one, the ALJ found that Plaintiff had not performed disqualifying work since the alleged onset of disability. (Tr. 11.) At step two, the ALJ found that Plaintiff had a severe medical impairment. (Tr. 11.) At step three, the ALJ determined that Plaintiff did not have an impairment that met or medically equaled a listed impairment. (Tr. 12.) At step four, the ALJ found that Plaintiff did not have past relevant work. (Tr. 16.) At step five, the ALJ held that Plaintiff had the residual functional capacity to perform a full range of "sedentary work. (Tr. 21.) Combined with her age, education, work experience and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that she could perform. (Tr. 21.)

The ALJ determined that Plaintiff suffered from the "severe" impairment of arthritis. (Tr. 11.) However, the ALJ found that Plaintiff's other physical impairments of carpal tunnel syndrome and high blood pressure were not severe. (Tr. 12; 16.) The ALJ decided that Plaintiff retained the residual functional capacity to perform a full range of "sedentary work." (Tr. 15.) The ALJ stated that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not credible. (Tr. 15.) As such, the ALJ concluded that Plaintiff was not under a "disability" at any time through the date of the hearing. (Tr. 17.)

Plaintiff takes issue with the ALJ's RFC determination for the following reasons: (1) the ALJ wrongly determined that she, solely by virtue of graduating from high school, despite having no

work background, could perform "semi-skilled" work, and as such, was not disabled; (2) the Grid rule relied upon by the ALJ did not apply to Plaintiff because the ALJ determined that she could only perform "semi-skilled," not "skilled" occupations; and (3) the ALJ failed to explain, and the vocational expert did not testify, how or why Kindle's high school education provided direct entry into semi-skilled or skilled work.

### 1. ALJ Determined that Plaintiff Was Not Disabled Because She Could Perform "Semi-Skilled" Work By Virtue of Graduating from High School.

Plaintiff claims that the ALJ erred by finding at step five that due to her graduation from high school, she is capable of "semi-skilled" work. Plaintiff does not argue that she has the residual functional capacity for a full range of sedentary work. Rather, Plaintiff contends with the ALJ's finding that she is capable of "semi-skilled" work. Plaintiff relies on Social Security Ruling 82-41 which defines "skill" and whether or not the "skill" is transferrable. Plaintiff states that the ALJ gave no explanation as to how a high-school degree would enable her to perform "semi-skilled" occupations. Plaintiff argues that in light of SSR 82-41, the ALJ should not have been permitted to infer Plaintiff's skill set based on her education.

The ALJ was permitted to make this inference as found in the regulations:

> High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider that someone with these educational abilities can do semi-skilled through skilled work.

*See* 20 C.F.R. § 416.964(b)(4). Plaintiff testifed that she had a high school diploma. (Tr. 31.) Based off of this line of reasoning, the ALJ found that Plaintiff was capable of semi-skilled through skilled work due to her high school education. (Tr. 16.)

In *Bray*, the Ninth Circuit found that "specific findings on transferable skills are necessary even where the ALJ relies on the testimony of a" vocational expert. *See Bray v. Comm'r of SSA,* 554 F.3d 1219, 1225 (9th Cir. Or. 2009) *quoting Draegert v. Barnhart*, 311 F.3d 468, 475-77 (2d Cir. 2002). Here, the ALJ did not rely on the testimony of the vocation expert to determine Plaintiff's skill set. Rather, relying on Plaintiff's stated education level, the ALJ determined what type of work Plaintiff would be capable of performing–not a question of whether her "skills" were transferrable or not. Therefore, ALJ properly concluded that Plaintiff was capable of semi-skilled through skilled

work, based on her education level.

### 2. The Grid Rule Relied Upon By The ALJ Does Not Apply to Kindle Because The ALJ Determined That She Could Only Perform "Semi-Skilled," Not "Skilled" Occupations

Plaintiff next argues that the ALJ failed to properly apply the Medical-Vocational Guidelines (the Grids). Specifically, Plaintiff contends that the ALJ improperly found that Rule 201.21 provided direct entry into skilled work.

Rule 201.21 states that for a "younger individual age 45-49," that is a "high school graduate or more," and that has "skilled or semiskilled . . . skills [that are] not transferrable," that individual is "not disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.21.

The ALJ found that Plaintiff was a younger individual aged 45-49, had no past relevant work, had a high school education, and could perform a full range of sedentary work. (Tr. 12, 16.) Based on Rule 201.21, therefore, Plaintiff would be considered not disabled.

However, Plaintiff Kindle is currently age 50 and therefore out of the age 45-49 bracket. Rule 201.21 is inapplicable to her current situation. Rule 201.00(g) states that:

> Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains. However, recently completed education which provides for direct entry into sedentary work will preclude such a finding. For this age group, even a high school education or more (ordinarily completed in the remote past) would have little impact for effecting a vocational adjustment unless relevant work experience reflects use of such education.

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.00(g). Rule 201.14 states that for an individual that is "approaching advanced age," is a "high school graduate or more" who cannot "provide for direct entry into skilled work," and that has "skilled or semiskilled–skills [that are] not transferable," that person is "disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14. Plaintiff Kindle would therefore be considered "disabled" based off of the Grid Rule 201.14.

The time period at which Plaintiff's age is considered determines whether she qualifies as a Rule 201.14, or alternatively, as a Rule 201.21 individual. Originally, the ALJ stated that it considered Plaintiff's age as of the time of filing. (Tr. 16.) The Defendant's Opposition Brief, however, used Plaintiff's then current age in furtherance of its arguments that Plaintiff was a Rule

ORDER, *page 6*

201.21 individual. (Opposition 3:14-15.)

In *Bray*, the Ninth Circuit found that the relevant time period to consider is the current age of the individual. *See Bray v. Comm'r of SSA,* 554 F.3d 1219, 1229 (9th Cir. 2009) (finding that the Plaintiff's current age should be considered in determining which category of the Grids the individual should be placed). Further, in *Wilberg*, the court affirmed the ALJ's finding that plaintiff should be considered "disabled" at age 50, despite having hitherto been considered "not disabled." *See Wilberg v. Astrue*, 2009 U.S. Dist. LEXIS 33406 (E.D. Cal. 2009). The decision to remand the case to the ALJ or to award benefits is within the discretion of the court. *See Ghokassian v. Shalala*, 41 F.3d 1300, 1304 (9th Cir. 1994) (the court has "discretion to award benefits to a claimant whenever there is no need to remand the case for additional factual findings"). Additionally, the court should "direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings." *See id. quoting Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399 (9th 1988).

As such, Plaintiff's current age of 50 enables her to be classified under Rule 201.14, and is found disabled.

### 3. The ALJ Failed to Explain, and the Vocational Expert Did Not Testify, How or Why Kindle's High School Education Provided Direct Entry into Semi-skilled or Skilled Work

Plaintiff lastly argues that the ALJ and Dr. Morrell both failed to show how a high school education provided for direct entry into semi-skilled work.

Inasmuch as this pertains to determining the ability to perform skills based on education, the court has discussed this above. *See* Discussion, Part A, Section 1.

Plaintiff argues that the ALJ erred because he did not fully consider or provide a basis to discount the vocational testimony of Dr. Morrell. Dr. Morrell testified that a person who could perform sedentary work and had certain hand limitations could not perform any work. (Tr. 46.) Dr. Morrell further testified that there are no jobs within the national economy which the above described hypothetical individual "who is less than 50 years of age with a high school diploma, no prior relevant work, who has a residual functional capacity for sedentary work further reduced by

the limitations in the use of the hands" could perform. (Tr. 46-47.) The ALJ found however that there are jobs that exist in significant numbers in the national economy that she could perform based on her age, education, work experience and residual functional capacity. (Tr. 16.) The ALJ did not credit Dr. Morrell's testimony in determining whether jobs would exist for a person with Plaintiff's background because her carpal tunnel syndrome, which would limit her hand function, was found not to be severe. (Tr. 15, 17.) Whether or not the impairment is listed as "severe" or "not severe," however, does not negate Dr. Morrell's testimony which was based on "certain hand limitations" of the individual.

Even if the ALJ chooses not to use Dr. Morrell's testimony, he must clarify how Plaintiff's carpal tunnel syndrome, which is not "severe," would not be considered a "hand limitation." (Tr. 15, 17.) Otherwise, Dr. Morrell's testimony remains as a basis for determining Plaintiff's ability to find work.

Additionally, despite Plaintiff's carpal tunnel syndrome, the burden now rests on the ALJ to show that a substantial number of jobs exist in the national economy that comply with Plaintiff's condition. *See Meanel v. Apfel,* 172 F.3d 1111, 1114 (9th Cir. 1999) ("The Commissioner must 'identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations.'" (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995))). There are two ways for the Commissioner to satisfy this burden: "(1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *See* Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). Thus, if the ALJ chooses not to use Dr. Morrell's testimony, he must show in reliance on the Grids that a substantial number of jobs do exist for Plaintiff.

## III. CONCLUSION

Although some issues remain concerning how the ALJ should treat the vocational expert's testimony, they are moot in light of Plaintiff's age and new classification as disabled.

For the Foregoing reasons, IT IS HEREBY ORDERED that:

1) Plaintiff's motion for summary judgment is granted;

2) Plaintiff's motion for remand is denied as moot; and

3) Defendant's motion for summary judgment is denied.

Dated: February 25, 2010

PATRICIA V. TRUMBULL
United States Magistrate Judge