1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHERINE R. KINDLE, ) | Case No. 09-01624 PVT |
| Plaintiff, ) | **ORDER GRANTING IN PART AND** |
| ) | **DENYING IN PART DEFENDANT** |
| v. ) | **MICHAEL ASTRUE'S MOTION TO** |
| ) | **ALTER OR AMEND JUDGMENT** |
| MICHAEL J. ASTRUE, ) | **PURSUANT TO FEDERAL RULE OF** |
| Commissioner of the Social Security, ) | **CIVIL PROCEDURE 59(e); AND** |
| ) | **ORDER REMANDING FOR FURTHER** |
| Defendant. ) | **ADMINISTRATIVE PROCEEDINGS** |
| | **[Docket No. 29]** |

Defendant Michael J. Astrue, Commissioner of the Social Security, moves to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).  On February 25, 2010, the court reversed and remanded the Commissioner's final decision and ordered payment of benefits.  Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that defendant Astrue's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) is granted in part and denied in part.[1]

As an initial matter, plaintiff Kindle contends that defendant Astrue's motion was untimely filed pursuant to Rule 59(e).  Plaintiff Kindle's Response at 1.  ("Response").  Defendant Astrue notes, however, that plaintiff Kindle has incorrectly calculated the number of days to determine

---

[1]     The holding of this court is limited to the facts and particular circumstances underlying the present motion.

whether the motion was untimely.  Reply at 1.  It is not 10 days, it is 28 days.  *Id.*  Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  FED. R. CIV. PRO. 59(e).  The court's order was filed on February 25, 2010 and defendant Astrue's motion was filed on March 22, 2010.  Therefore, the motion was timely filed pursuant to Rule 59(e).  *See* FED. R. CIV. P. 59(e).

"There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is 'necessary to correct manifest errors or law or fact upon which the judgment is based; (2) the moving party presents 'newly discovered or previously unavailable evidence;' (3) the motion is necessary to 'prevent manifest injustice;' or (4) there is an 'intervening change in controlling law.'" *Turner v. Burlington Northern Santa Fe R.R.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citing *McDowell v. Calderon,* 197 F. 3d 1253, 1254 n.1 (9th Cir. 1999)).

Here, defendant Astrue moves to alter or amend judgment "to correct manifest errors of law or fact upon which the judgment is based."  Specifically, defendant Astrue states that the court considered plaintiff's current age rather than her age during the relevant time period.  He cites to *Russell v. Bowen* as the basis for asserting that the claimant's age at the time of the final decision was determinative.  *See Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir. 1988).  The court agrees and finds that the valid time period for applying the Grids is the plaintiff Kindle's age at the time of the final decision. At that time, she was 48 years old and ten months.  Therefore, plaintiff Kindle's age does not qualify as "borderline" and section 201.21 of the Grids was the proper rule for the ALJ to use.  *Compare Bray v. Comm'r of Soc. Sec*., 554 F.3d 1219, 1229 n.9 (9th Cir. 2009) (Bray was one month from turning 55 at the time of his hearing and was thus near the "advanced" age category of 55 and over).

Defendant Astrue further states that the court erred "by finding that the ALJ's credibility and RFC finding lacked the support of substantial evidence."  Mot. at 1.  Specifically, defendant Astrue contends that the court credited limitations that were not supported by substantial evidence.  Mot. at 2. For example, the testimonies of Drs. Gable, Reddy, and Fracchia all constitute substantial evidence that plaintiff does not suffer from any gross or fine manipulative limitations in her hand. (*See* Tr. 159, 164, 227.)  Based on this evidence, the ALJ correctly determined that no gross or fine

hand limitations existed and that he could consult the Grids to determine if plaintiff Kindle could perform other work.  The ALJ expressly stated that he did not rely on the vocational expert's testimony because it was based on a person having "a residual functional capacity for sedentary work further reduced by the limitations in the use of the hands."  (Tr. 46-47.)  In so finding, defendant Astrue argues that the vocational expert's testimony was properly rejected and that the ALJ met the burden at step five.

Defendant Astrue contends that the court was more concerned about another "issue that the parties did not brief."  (Doc. 29, Brief 4:16-17.)  In the February 25, 2010 Order, the court requested that the ALJ clarify how plaintiff Kindle's carpal tunnel syndrome, which is not "severe," would not be considered a "limitation[] in the use of the hands."  (Tr. 45.)  While maintaining that no hand limitations exist, the ALJ recognized that the plaintiff does suffer from not "severe" carpal tunnel syndrome in her hands.  (Tr. 11.)

Plaintiff Kindle testified regarding her manipulative limitations.  The ALJ found her testimony not credible.  Without any evidence of malingering, the ALJ did not provide clear and convincing reasons for rejecting plaintiff Kindle's testimony.  As such, the above-captioned is remanded for further administrative proceedings on this issue.

At step five, the Commissioner has the burden to prove that the claimant, based upon her age, education, work experience, and Residual Functional Capacity ("RFC"), can perform other substantial gainful work.  *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987); *Meanel v. Apfel,* 172 F.3d 1111, 1114 (9th Cir. 1999) ("The Commissioner must 'identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations.'") (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)).

There are two ways for the Commissioner to satisfy this burden: "(1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2."  *See* Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).  The ALJ has stated that based upon Plaintiff not having any hand limitation, there are a substantial number of jobs that exist that she could perform.  (Tr. 11-12.)  On the other hand, if plaintiff Kindle does have a "hand

limitation," then Dr. Morrell's testimony states that there are no jobs she can perform.

Notwithstanding the lack of an employment background, plaintiff Kindle disputes that graduating from high school enables her to perform "semi-skilled" work, and as such, was not disabled.  Assuming the ALJ sets forth clear and convincing reasons for rejecting plaintiff Kindle's testimony regarding her limitations, the court agrees that the ALJ also failed to explain how plaintiff Kindle's high school education provides entry into semi-skilled or skilled work.

In view of the above issues, this court remands the case to the ALJ for further administrative proceedings.  The court further requests that the ALJ consider plaintiff Kindle's now-current age of 50 in the evaluation process, despite her not having had a borderline age at the time of the Commissioner's final decision.  *See Bray*, 554 F.3d 1229 (the Ninth Circuit directed the ALJ to consider the claimant's new age category during further proceedings); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987) (the ALJ took into consideration that "Brouwer's age changed during the proceedings on remand").  Accordingly, defendant Astrue's motion to alter or amend is granted in part and denied in part.

IT IS FURTHER ORDERED that the status hearing scheduled to be held on September 21, 2010 at 2PM is vacated.

Dated:    September 20, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge