UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHERINE R. KINDLE,<br><br>    Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER, SOCIAL SECURITY,<br><br>    Defendant. | Case No. 09-01624 PSG<br><br>**ORDER GRANTING PLAINTIFF KATHERINE R. KINDLE'S MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>(Docket No. 39) |

## INTRODUCTION

Plaintiff Katherine R. Kindle moves for an award of attorneys' fees under the Equal Access to Justice Act. Defendant Michael J. Astrue, Commissioner, Social Security, opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion for an award of attorneys' fees is taken under submission and the hearing scheduled to be held on January 25, 2011 is vacated. Having reviewed the papers and considered the arguments of counsel, Ms. Kindle's motion for an award of attorneys' fees is GRANTED.

## BACKGROUND

On September 28, 2006, Ms. Kindle applied for supplemental security income benefits pursuant to Title XVI of the Social Security Act. Her application was denied in the first instance and later on reconsideration. After a hearing was held on Ms. Kindle's application, an administrative law judge also denied her application. An Appeals Council declined to review the decision by the administrative law judge, and this action followed.

Ms. Kindle filed this action on April 14, 2009. On February 25, 2010, the court granted summary judgment in favor of Ms. Kindle. On September 20, 2010, the court granted in part and denied in part Mr. Astrue's motion to amend or alter judgment pursuant to Rule 59(e) and remanded the action for further proceedings. *See* Order Granting in Part and Denying Defendant Michael Astrue's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e); and Order Remanding for Further Administrative Proceedings filed on September 20, 2010. ("September 20, 2010 Order").

## DISCUSSION

For purposes of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d), an applicant for social security benefits becomes a prevailing party if the denial of benefits is reversed and remanded, whether or not benefits ultimately are awarded. *Gutierrez v. Barnhart,* 274 F.3d 1255, 1257 (9th Cir. 2001) (citing *Shalala v. Schaefer,* 509 U.S. 292, 300-302 (1993)). Under the EAJA, a prevailing party in an action in which the United States is a party may recover attorneys' fees and costs unless the court finds that the United States' position was substantially justified or that special circumstances exist that would render an award of fees and costs unjust. 28 U.S.C. § 2412 (d)(1)(A). "'Substantially justified' means 'justified to a degree that could satisfy a reasonable person.'" *Id.* (citing *Pierce v. Underwood,* 487 U.S. 522, 565 (1993)). A substantially justified person must have a reasonable basis both in law and fact. *See id.,* at 1258 (citing *Pierce,* 487 U.S. at 656 and *Flores v. Shalala,* 49 F.3d 562, 569 (9th Cir. 1995)). It is the government's burden to show that its position was substantially justified or that special circumstances existed. *Gutierrez,* 274 F.3d at 1258. The party moving for an award of fees and costs must apply for such award "within thirty days of final judgment in the action." 28 U.S.C. § 2412 (d)(1)(B).

1    The court has discretion to determine the amount of the fee award, including whether the
2 hours worked are reasonable. *See Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992) (citing
3 *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)). In doing so, the court should provide a clear but
4 concise explanation of its reasons for the fee award. *See Hensley,* 461 U.S. at 437. Under the
5 EAJA, the most useful starting point for determining the amount of a reasonable fee is the number of
6 hours worked on the litigation multiplied by a reasonable hourly rate. *See id.* at 433.

7    As an initial matter, Ms. Kindle is the prevailing party here and her application for attorneys'
8 fees is timely. She seeks an award for 23.5 hours at an hourly rate of $172.24 (for 2009 to April
9 2010) and 2.95 hours at an hourly rate of $174.57 (from May 2010 to the present) in attorneys' fees
10 and 11 hours at an hourly rate of $106 in paralegal fees. Ms. Kindle seeks a total award of
11 $5,728.62. Mr. Astrue does not dispute that the fees sought are reasonable.

12    Mr. Astrue contends, however, that his position was substantially justified. The court
13 remanded the action for further administrative proceedings to allow the administrative law judge to
14 (1) provide clear and convincing reasons for rejecting Ms. Kindle's testimony (without any evidence
15 of malingering) regarding certain hand limitations; and (2) explain how Ms. Kindle's high school
16 education provided entry into semi-skilled or skilled work.

17    First, Mr. Astrue argues that the administrative law judge provided a basis for challenging
18 Ms. Kindle's credibility. The administrative law judge explained that the objective evidence did not
19 support Ms. Kindle's alleged hand limitations, that she had provided inconsistent testimony
20 regarding her alleged hand limitations, and that she was able to perform activities consistent with
21 normal living such as preparing food and driving. Notwithstanding Ms. Kindle's testimony stating
22 that her hands shook and that she could not lift things, Mr. Astrue states that the other evidence cited
23 by the administrative law judge, including a 2001 nerve conduction study showing no evidence of
24 carpal tunnel syndrome, Ms. Kindle's failure to describe any pain in her hands during her visit to an
25 arthritis clinic in June 2005, a medical examination by Dr. Gable in December 2006 making no gross
26 findings of arthritis in Ms. Kindle's hands and reviews by Drs. Reddy and Fracchia of Ms. Kindle's
27 medical records concluding that she did not have manipulative limitations, supported his assessment
28 of her credibility. Therefore, Mr. Astrue argues that his defense of the findings made by the

administrative law judge was reasonable in law and fact.

Because there was no affirmative evidence that Ms. Kindle was malingering, the administrative law judge was required to set forth clear and convincing reasons for rejecting her testimony. *See, e.g., Regennitter v. Commissioner of Social Sec. Admin.,* 166 F.3d 1294, 1296 (9th Cir. 1999). He did not. *Cf. Tonapetyan v. Halter,* 242 F.3d 1144, 1147 (9th Cir. 2001) (administrative law judge may not reject a claimant's statements regarding limitations merely because they are not supported by objective evidence). Rather, he cited the following as inconsistent statements: (1) Ms. Kindle's failure to mention pain in her hands during a visit to an arthritis clinic in June 2005; (2) statements to her physicians regarding her varying ability to lift no more than 15-20 pounds in weight, and (3) a statement made to her physician regarding her lack of ability to stand or walk for no more than 20 minutes in 2002 contrasted against her later testimony at a hearing held on August 13, 2008 stating that she was able to walk ten blocks. In addition, the administrative law judge noted that Ms. Kindle's daily activities showed that she was not fully credible. The statements above, however, are not inconsistent and are not clear and convincing reasons for the administrative law judge to have rejected Ms. Kindle's testimony. Mr. Astrue's position was not substantially justified.

Mr. Astrue also argues that there was a reasonable basis in law and fact to defend the finding by the administrative law judge that Ms. Kindle's high school education provided entry into semi-skilled or skilled work. The court need not address this issue because the government's position did not have a reasonable basis in fact for the reasons set forth above.

## CONCLUSION

For the foregoing reasons, Ms. Kindle's motion for award of attorneys' fees is GRANTED.

Ms. Kindle is awarded attorneys' fees in the amount of $5,728.62. The government shall determine whether any of the fees are subject to an offset and forward the balance, if any, to Ms. Kindle (or her counsel pursuant to the Attorney's Fee Contract for Social Security and/or Supplemental Security Income Claims if the government in its discretion waives the requirements of the Anti-Assignment Act). *See* Memorandum of Points and Authorities in Support of Application

1 | for Award of Attorney's Fees and Cost Under the Equal Access to Justice Act, Exh. A.

2 |     IT IS SO ORDERED.

3 | Dated:    January 21, 2011

*[signature]*

PAUL S. GREWAL
United States Magistrate Judge